UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CYNTHIA CHAPA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:23-CV-00001 |
| | § | |
| **DOLGENCORP OF TEXAS, INC. d/b/a** | § | |
| **DOLLAR GENERAL,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a slip-and-fall case. On March 20, 2021, Plaintiff Cynthia Chapa was shopping at a Dollar General in San Diego, Texas, when she tripped and fell on a case of bottled water, which she alleges was improperly placed in the aisle. As a result of her fall, Chapa sustained bodily injuries. On December 1, 2022, Chapa filed suit against Dolgencorp of Texas, Inc. ("Dollar General") in the 229th District Court of Duval County, Texas, alleging various state-law negligence and premises liability claims. Days later, Dollar General removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.

Pending before the Court is Plaintiff's Opposed Motion for Remand, (Dkt. No. 15), Plaintiff's Opposed Motion for Leave to File Amended Complaint, (Dkt. No. 16), and Defendant's Motion for Summary Judgment, (Dkt. No. 23). For the following reasons, the Court **DENIES** Plaintiff's Opposed Motion for Remand, (Dkt. No. 15), **GRANTS** Plaintiff's Opposed Motion for Leave to File Amended Complaint, (Dkt. No. 16) and

**DENIES WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment, (Dkt. No. 15).

**I.    BACKGROUND**[1]

On March 20, 2021, Chapa was shopping at a Dollar General in San Diego, Texas, when she tripped and fell on a case of bottled water. (Dkt. No. 15 at 1).[2] Chapa alleges that the case of bottled water was improperly placed in the aisle with limited clearance and visibility. (*Id.*). Chapa alleges that she suffered various bodily injuries including a fractured left knee, due to her fall. (*Id.*). On December 1, 2022, Chapa filed suit against Dollar General alleging claims for negligence, premises liability, respondeat superior, and gross negligence. (Dkt. No. 1-1 at 3–6). A few days later, Dollar General removed the case to this Court alleging diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1).

As to her damages, Chapa alleges in her Original Petition filed in state court (the "Petition") that she suffered injuries, and that they "may be permanent in nature" and "have had an effect on [her] health and well-being." (Dkt. No. 1-1 at 6). Chapa further claims that as a consequence of her injuries, she "has suffered and may continue to suffer . . . physical pain and mental anguish[,]" and incur additional medical expenses. (*Id.*). Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Chapa seeks monetary

---

[1]   The Court makes the following factual findings for the sole purpose of this Memorandum Opinion and Order.

[2]   Chapa's Original Petition filed in state court alleged that she slipped on liquid in the aisle. (Dkt. No. 1-1 at 2–3). Her Opposed Motion for Remand remarks that this assertion was in error, and that if allowed to amend, that amendment would correct the error. (Dkt. No. 15 at 1).

2

relief in excess of $1 million dollars, including pre- and post-judgment interest. (*Id.* at 6–7).

After Dollar General removed the case to this Court, Chapa filed an advisory stating that her past medical expenses total $18,413.81, and she does not expect to incur costs for future medical treatment as a result of her fall. (Dkt. No. 13 at 1). Chapa further states that "[a]t the time of the incident, [she] was retired and not working," and that she "is not seeking attorney's fees as an element of damages in her case." (*Id.*). Chapa now moves to remand this case to state court, (Dkt. No. 15), and requests leave to file an amended complaint to revise the amount in controversy, (Dkt. No. 16). With briefing now complete, the Court turns to the merits of both Motions.

## II.   LEGAL STANDARD

### A.   REMOVAL JURISDICTION

A party may remove an action from state court to federal court if the federal court has subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A plaintiff's state court petition at the time of removal determines whether a federal court has jurisdiction. *Manguno*, 276 F.3d at 723. The removing party bears the burden of showing that subject-matter jurisdiction exists, and that removal was proper. *Id.* Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*; *see also Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Federal courts may hear a case if it involves a question of federal law or where there is diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Dollar General only invokes the Court's diversity jurisdiction. (*See* Dkt. No. 1 at 1–2). Under the diversity jurisdiction statute, a defendant may remove a case if there is (1) complete diversity of citizenship between the litigants and (2) the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### B.  LEAVE TO AMEND

District courts generally should provide the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action. *Newell v. U.S. Bank Tr. Nat'l. Ass'n*, No. 4:13-CV-00865, 2013 WL 2422660, at *2 (S.D. Tex. June 3, 2013) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). While denial of leave is generally disfavored, it is warranted under certain circumstances, such as where amendment would be futile because better pleadings would not change the reality that the claims fail as a matter of law. *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

### III.  DISCUSSION

Chapa urges the Court to remand her case to state court because the amount in controversy requirement needed to invoke this Court's diversity jurisdiction has not been satisfied. (Dkt. No. 15 at 3–5). She also requests that the Court grant her leave to amend her Complaint to revise the amount in controversy. (Dkt. No. 16 at 3).

# A. MOTION TO REMAND

Federal courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. There is no dispute that the Parties are diverse. Chapa is a citizen of Texas, while Dollar General is a citizen of Kentucky and Tennessee. (Dkt. No. 1 at 2–3); (Dkt. No. 15 at 3). Thus, the only question before the Court is whether this action involves the requisite amount in controversy.

In her Motion to Remand, Chapa argues that "[t]he undisputed evidence shows that the amount in controversy does not meet [the $75,000] threshold." (Dkt. No. 15 at 3). Chapa now claims that her past medical bills total less than $20,000, her doctors are not currently recommending future medical treatment, and she has not brought any claims for past or future disfigurement. (*Id.* at 4). Chapa further asserts that because she was retired at the time of the incident, she is not seeking lost wages or loss of future wage-earning capacity. (*Id.*). Although in her Petition Chapa sought relief of more than $1 million dollars, she argues that this designation was required under Texas law and is not dispositive of Section 1332's amount-in-controversy determination. (*Id.* at 5).

Dollar General responds that Chapa pleaded $1 million dollars in her Petition in good faith, and therefore that amount controls. (Dkt. No. 17 at 2–5). Dollar General argues that even if that amount does not control, it is facially apparent from Chapa's Petition that her damages exceed $75,000. (*Id.* at 3–4). Dollar General asserts that the medical expenses that Chapa has submitted are incomplete, and do not include any lien amounts from health insurers. (*Id.* at 4). Finally, Dollar General argues that Chapa may

5

not rely on extrinsic evidence to reduce the amount in controversy. (*Id.* at 5–7). The Court agrees with Dollar General.

Generally, "[i]f the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022). If the state court petition does not specify a dollar amount of damages, "the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Id.* The defendant can satisfy this burden: "(1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Moreover, once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to $75,000 or less generally do not divest the court of diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938); *see also Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (holding that once removal jurisdiction attached, a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest jurisdiction).

Here, Chapa initially demanded over $1 million dollars in damages in state court. (Dkt. No. 1-1 at 6). This allegation alone is enough to create diversity jurisdiction. *See Torres v. Allstate Fire & Cas. Ins. Co.*, No. 4:20-CV-01720, 2020 WL 3077932, at *2 (S.D. Tex. June 10, 2020). The Court is not persuaded by Chapa's argument that Rule 47 of the Texas Rules of Civil Procedure required her to allege over $1 million dollars in damages. Rule

47 provides three other ranges for monetary relief, including one specifically for claims of $250,000 or less. Tex. R. Civ. P. 47(c); *see also Garza v. Palomar Specialty Ins. Co.*, No. 7:21-CV-00414, 2021 WL 6425093, at *2 (S.D. Tex. Dec. 1, 2021) (remanding a case to state court where plaintiff alleged damages would be less than $250,000). Because Chapa's Petition clearly seeks damages in excess of $75,000, the Court finds that the amount in controversy requirement for diversity jurisdiction has been satisfied.

Further, the Court's conclusion is not impacted by Chapa's later-filed advisory alleging that damages are now less than $75,000. The jurisdictional facts that support removal are judged *at the time of the removal*. *Allen*, 63 F.3d at 1335. At the time of removal, Chapa sought over $1 million dollars in damages. (Dkt. No. 1-1 at 6). And "[w]hile post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). There is no ambiguity here—Chapa's Petition plainly alleges damages in excess of $1 million dollars.[3] (Dkt. No. 1-1 at 6) ("Plaintiff seeks monetary relief more than one million and 00/100 dollars ($1,000,000.00)").

---

[3] Even if the Court were to ignore the plain text of Chapa's Petition, which requested over $1 million dollars in damages, the Court finds that Dollar General has shown that it is facially apparent that Chapa's claims are likely to exceed $75,000. *See Gebbia*, 233 F.3d at 883. Chapa has filed claims for negligence, premises liability, respondeat superior, and gross negligence. (Dkt. No. 1-1 at 3–6). In her Petition, accounting for both past and future damages for each harm, she seeks compensation for physical pain, mental anguish, and medical expenses. (*Id.*). Dollar General has shown that Chapa's submitted medical expenses are incomplete and don't include the liens from insurers. (Dkt. No. 17 at 4).

### B.   MOTION TO AMEND

Chapa requests permission to file an amended complaint to correct a mistake in the factual allegations and to reduce the monetary relief sought to an amount under $75,000. (Dkt. No. 16 at 2–3). Generally, absent a significant reason, "such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Therefore, the Court grants Chapa leave to amend. The Court reminds Chapa that diversity jurisdiction is determined at the time of removal.

### IV.   CONCLUSION

Considering the foregoing analysis, the Court **DENIES** Plaintiff's Opposed Motion for Remand, (Dkt. No. 15), and **GRANTS** Plaintiff's Opposed Motion for Leave to File Amended Complaint, (Dkt. No 16). The Court **DENIES WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment. (Dkt. No. 15).

Plaintiff is **ORDERED** to file an amended complaint within 30 days of the date of this Memorandum Opinion and Order. The Parties shall submit a Proposed Scheduling Order within 14 calendar days of the date of this Order.

It is SO ORDERED.

Signed on March 25, 2024.

                                                **DREW B. TIPTON**
                                        **UNITED STATES DISTRICT JUDGE**