UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CYNTHIA CHAPA,<br>*Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION NO. 2:23-cv-0001 |
| DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL,<br>*Defendant* | § § § § | JURY TRIAL DEMANDED |

**PLAINTIFF'S AMENDED COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES CYNTHIA CHAPA,** hereinafter referred to by name or as Plaintiff, and complains of **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL**, hereinafter referred to by name or as Defendant and for cause of action herein would respectfully show unto the Court as follows:

**I.
PARTIES AND SERVICE**

**1.** Plaintiff is an individual residing in Duval County, Texas, and thus is a resident of the Southern District of Texas.

**2.** Defendant, **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL**, is a foreign, for-profit corporation with its headquarters and principal place of business in Tennessee and has been served with process and filed an answer. No further service is necessary.

**II.
JURISDICTION AND VENUE**

**3.** This Court has jurisdiction over the parties pursuant to 28 U.S.C § 1332(a) because the suit involves a controversy between parties of diverse citizenship and the amount in controversy

exceeds **SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00).**

4.  Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391 because all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Duval County, Texas which lies in the Southern District of Texas.

5.  Plaintiff requests a jury trial.

## III.
## FACTS

6.  On or about March 20, 2021, Plaintiff, **CYNTHIA CHAPA,** was a customer and invitee at Defendant's place of business located at 1017 East Gravis, San Diego, Texas, 78384, when she suddenly and without any warning tripped and fell to the ground due to a case of water which was improperly placed in an aisle with limited clearance and limited visibility in violation of Defendant **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL's** corporate policy thus creating a hazard.

7.  As a result of the fall, Plaintiff sustained serious bodily injuries, including a fractured left knee, as reflected in the medical records from the health care providers that have treated the injuries since the incident. At the time of the incident made the basis of this lawsuit, said aisle and the property on which it was located was, at all times, owner, controlled and/or maintained by Defendant **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL**. The unreasonably dangerous condition resulting from the improperly placed case of water in violation of Defendant **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL's** corporate policy proximately caused Plaintiff's injuries and the need for the medical treatment she subsequently received.

8.  Defendant breached the duty of care they owed to Plaintiff and were both negligent and grossly negligent in their failure to exercise ordinary care in the safety of Plaintiff. Consequently,

Plaintiff to whom Defendants owed a duty, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence. Plaintiff seeks all applicable damages available under Texas substantive law.

## IV.
## CAUSES OF ACTION

### A.   NEGLIGENCE

9. The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant and its agents, servants, and employees, owed Plaintiff a duty of ordinary care to inspect the premises, and to adequately warn them of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe in one or more of the following respects:

   a. Failing to warn customers, including Plaintiff, of the hazards of an unreasonably dangerous condition on Defendant's premises;

   b. Failure to inspect the aisles and properly maintain them;

   c. Allowing a dangerous condition to exist in violation of Defendant **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL's** corporate policy, so that Plaintiff would fall and be injured;

   d. Failing to provide for the safety of Plaintiff under the circumstances;

   e. Failing to warn customers, including the Plaintiff, that the area in question should be approached with caution;

   f. Negligently maintaining the area in question in such a way so as to constitute a negligent activity;

   g. Failing to warn customers, including the Plaintiff that there was a dangerous condition which required extra care to be taken while walking through that area;

   h. Failing to maintain the premises in a reasonably safe condition for Plaintiff and other customers; and

    i.  Failing to remove the dangerous condition or warn of its existence.

**10.** Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

**B.** **PREMISES LIABILITY**

**11.** Pleading in the alternative, on or about **March 20, 2021**, Defendant **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL** was in possession of the premises located at 1017 East Gravis, San Diego, Texas, 78384, which forms the basis of this suit. As a customer of **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL**, Plaintiff was an invitee on the premises, because she entered the Defendant's premises with Defendant's knowledge and for the economic benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. Defendant knew or should have known that the case of water in the aisle where Plaintiff fell, which was improperly placed with limited clearance and limited visibility in violation of Defendant **DOLGENCORP OF TEXAS, INC D/B/A DOLLAR GENERAL's** corporate policy, created a hazard that was not properly inspected or corrected by any employee, such that it created a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated. However, Defendant breached its duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas substantive law.

**12.** Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

C.   **RESPONDEAT SUPERIOR**

13.   At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant's agents, servants, and employees were made aware of the needed repair after the incident that proximately caused the injuries to **CYNTHIA CHAPA**. Therefore, Defendant is liable for the negligent acts and omissions of its employees under the doctrine of *Respondeat Superior*.

14.   Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

D.   **GROSS NEGLIGENCE**

15.   Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

16.   The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

V.
**DAMAGES FOR PLAINTIFF**

17.   As a direct and proximate result of the accident and the negligent conduct of the Defendant,

Plaintiff **CYNTHIA CHAPA** suffered bodily injuries, including a fractured left knee, as reflected in the medical records from the health care providers that have treated the injuries since the accident.  The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being.  As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

**18.**     As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

## VI.
## INTEREST

**19.**     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VII.
## DEMAND FOR JURY TRIAL

**20.**     Plaintiff demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

    1.     Pain and suffering in the past;
    2.     Pain and suffering in the future;

3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the future;
10. Pre-judgment interest;
11. Post-judgment interest; and
12. Exemplary damages;

RESPECTFULLY SUBMITTED,

HERRMAN & HERRMAN, P.L.L.C.
THE HERRMAN BUILDING
1201 THIRD STREET
CORPUS CHRISTI, TEXAS 78404
PHONE: (361) 882-4357
FAX: (361) 883-7957

BY: /S/ GEORGE A. DEVERA
GEORGE A. DEVERA
FEDERAL ID NO. 1059244
STATE BAR NO. 24048431
Email: gdevera@herrmanandherrman.com
*litigation@herrmanandherrman.com
ATTORNEY FOR PLAINTIFFS

\*      Plaintiff designates the above-referenced e-mail address as the only e-mail address to be used for service via e-filing.  Notice is hereby given that e-mails sent to any other e-mail address will not be accepted for the purposes of service in this cause.  If e-filing is not currently available, then service will be designated in accordance with the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of April 2024, a true and correct copy of the foregoing Amended Complaint was served on all counsel in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

**VIA EMAIL:**
revaldez@valdeztrevino.com
Robert E. Valdez
habreu@valdeztrevion.com
Heather A. Abreu
Valdez & Trevino Attorneys at Law, P.C.
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Telephone No. (210) 598-8686
Facsimile No. (210) 598-8797
**ATTORNEY FOR DEFENDANT**
**DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL**

                                                     **/s/ George A. DeVera**
                                                     George A. DeVera